MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| James M. Corona, III, | No.  CV 22-00439-PHX-JJT (MHB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, | |
| Defendant. | |

Plaintiff James M. Corona, III, who is confined in a Maricopa County Jail, has filed a pro se Petition for Writ of Mandamus (Doc. 1) relating to his currently pending criminal case in the Superior Court of Arizona for Maricopa County, CR2021-144316. Plaintiff requests the Court "review these proceedings for blatant malicious prosecution, compel the subpoenas duces tecum for multiple complicit entities, grant a special action change of venue or remove to district court[,] and review this matter as there is gross misconduct and abuse of process . . . ."[1]

The issuance of a writ of mandamus is an extraordinary remedy that may only be granted in the exercise of sound discretion. *Miller v. French*, 530 U.S. 327, 339 (2000). To obtain mandamus relief, a petitioner must satisfy three elements: (1) petitioner must have

---

[1] A "special action" is a type of action filed in Arizona state courts, not in a federal court. *See* Ariz. R.P. Spec. Act. 1, 4.

Criminal cases can be removed to federal court only under extremely limited circumstances. Three federal statutes provide a basis for removal of state court criminal prosecution to federal court: 28 U.S.C. §§ 1442, 1442a, and 1443. None appears applicable here.

a clear and certain claim; (2) respondent must have a non-discretionary, ministerial duty, which is so plain as to be free from doubt; and (3) there must be no other adequate remedy available. *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003). Plaintiff has not satisfied these requirements. Moreover, to the extent Plaintiff is seeking an order compelling a state court judge to issue subpoenas or decide issues in Plaintiff's state court criminal case, this Court lacks jurisdiction to issue such an order. *See Demos v. United States Dist. Ct. for E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (district court "lacks jurisdiction to issue a writ of mandamus to a state court").

In addition, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. "Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972). Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Plaintiff has failed to show special or extraordinary circumstances indicating he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present them to the state courts. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84.

**IT IS ORDERED:**

(1) Plaintiff's Petition for Writ of Mandamus (Doc. 1) is **denied** and this action is **dismissed**. The Clerk of Court must enter judgment accordingly.

. . . .

. . . .

. . . .

. . . .

(2)	The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 31st day of March, 2022.

_____
Honorable John J. Tuchi
United States District Judge